UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDDIE WAGLE,

       Petitioner,

v.                                                    Case No. 2:06-cv-57
                                                  HON. ROBERT HOLMES BELL

JERI-ANN SHERRY,

       Respondent.
_____/

**REPORT AND RECOMMENDATION**

       Petitioner Eddie Wagle filed this petition for writ of habeas corpus challenging the validity of his state court conviction for first degree murder. Petitioner was convicted after a jury trial and was sentenced to life imprisonment for murder, 10 to 20 years for felon in possession of a firearm, and a 2-year consecutive term for the firearm conviction.

       Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

       Petitioner has raised the following issues in his petition:

       I. Was the defendant's Constitutional rights violated when the prosecution produced evidence of domestic violence, illegal enter, destruction of property and the fact he was on parole?

II. Was defendant's Constitutional right to effective assistance of trial counsel violated when counsel failed to request manslaughter instruction?

III. Was defendant's Constitutional rights violated where the evidence produced at trial was not sufficient to convict him of first degree murder?

IV. Was defendant's Constitutional rights violated when evidence was produced that he remained silent and invoked his right to counsel?

V. Was the defendant's Constitutional rights violated when the prosecution failed to disclose evidence favorable to defendant?

VI. Was the defendant's Constitutional rights violated when the prosecution used evidence of other crimes, wrongs and acts?

VII. Was defendant's Constitutional rights violated when he was denied effective assistance of trial counsel?

VIII. Was defendant's Constitutional rights violated when he was denied effective assistance of trial counsel?

IX. Was defendant's Constitutional rights violated when he was denied effective assistance of trial counsel?

X. Was defendant's Constitutional rights violated when was denied effective assistance of appellate counsel during his first appeal of right?

XI. Was defendant's Constitutional rights violated when the trial court failed to grant an evidentiary hearing, grant a new trial or set conviction aside when defendant produced newly discovered evidence that supports his trial defense and actual innocence?

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based

upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is

whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner asserted that prosecutorial misconduct occurred when prior bad acts evidence was admitted. Evidence of domestic violence, illegal entry, and parole status was admitted during Petitioner's trial. Petitioner also asserts that his counsel was ineffective for failing to object to this evidence. The Michigan Court of Appeals rejected these claims, explaining that the admission of bad acts evidence did not deny Petitioner a fair trial. Moreover, contrary to Petitioner's assertion he received effective assistance of counsel on these issues. The court stated:

> [D]efendant contends that the admission of other bad-acts evidence denied him a fair trial. Defendant, however, has waived appellate review of this issue because he ultimately agreed to the trial court's curative instruction. In response to a defense objection, the jury was excused after the prosecutor asked a witness whether she had filed charges against defendant for domestic violence, illegal entry, and malicious destruction of property. Following a discussion, the parties agreed that the trial court would inform the jury that the witness had lied to the police on a prior occasion and that the jury should disregard any reference to the incident referred to earlier. Because defendant agreed to the curative instruction, he cannot now assign

> error on appeal. *People v Hughes*, 217 Mich App 242, 247; 550 NW2d 871 (1996); *People v Barclay*, 208 Mich App 670, 673; 528 NW2d 842 (1995). Further, we are satisfied from the record that any alleged error did not affect the substantial rights of defendant. *People v Grant*, 445 Mich 535, 552; 520 NW2d 123 (1994).

For these reasons, Petitioner cannot assert that his constitutional rights were violated by the admission of this evidence. Moreover, Petitioner cannot establish prosecutorial misconduct or ineffective assistance of counsel.

Petitioner argues that there existed insufficient evidence to convict him. The Michigan Court of Appeals rejected Petitioner's claim, stating:

> [D]efendant contends that the evidence was insufficient to sustain a conviction for first-degree murder because there was no eyewitness or scientific evidence to prove beyond a reasonable doubt that he shot the victim with premeditation and deliberation. When determining whether sufficient evidence has been presented to sustain a conviction, a court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). Circumstantial evidence and reasonable inferences that arise from the evidence can constitute satisfactory proof of the elements of the crime. *People v Truong (After Remand)*, 218 Mich App 325, 337; 553 NW2d 692 (1996).
>
> The evidence indicated that defendant drove past the victim, who was walking along the road. Defendant subsequently stopped his car in a parking lot, changed places with the passenger, and then had the driver drive back towards the victim. The car slowed as it approached the victim and two eye witnesses testified that defendant was in the passenger seat when the fatal shots were fired from the passenger window of the automobile that defendant was in. One eyewitness specifically identified defendant as the shooter and testified that defendant's arm reached outside the passenger's window before defendant fired the shots. Another witness testified that he hear defendant say, "I shot him in the head," and, when he asked defendant why he did it, defendant blamed alcohol and also stated that some money he owed for drugs would be reduced. Viewed in a light most favorable to the prosecution, the evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that

> defendant shot the victim with premeditation and deliberation. *People v Anderson*, 209 Mich App 527, 537-538; 531 NW2d 780 (1995). It was for the jury to determine the weight of the evidence and the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514; 489 NW2d 748 (1992).

A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id.* It is clear that the evidence was sufficient to establish that Petitioner committed the crime. The Michigan Court of Appeals' decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Similarly, Petitioner asserted that his Fifth Amendment rights were violated. The Michigan Court of Appeals rejected this claim, explaining:

> [D]efendant argues that his Fifth Amendment right to remain silent was violated at trial. A police officer testified that, after the police had "put the word out" that the police wanted to speak to defendant and some others, defendant went to the station and asked what the police wanted. Defendant was told that they wanted to talk to him about what happened. Defendant responded that he was seeking an attorney and did not want to give a statement. No interrogation took place and defendant freely left the police station as the police continued their investigation. In this context, the testimony concerning defendant's silence before any custodial interrogation and before *Miranda* warnings were given did not violate defendant's constitutional right to remain silent. *People v Dunham*, 220 Mich App 268, 274; 559 NW2d 360 (1996); *Anderson, supra* at 532.

The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner has presented four other issues which raise claims of ineffective assistance of counsel. Petitioner asserts that counsel was ineffective for failing to request a manslaughter and involuntary manslaughter instruction, for failing to investigate witness Rachel Christian's statement prior to a motion hearing which occurred four days before trial, for failing to object to evidence that defendant had never made a statement to police about the crime, and that appellate counsel failed to appeal winning issues.

The Michigan Court of Appeals rejected Petitioner's claim that counsel was ineffective for failing to request manslaughter instructions. The court stated:

> [D]efendant argues that counsel was ineffective for not requesting jury instructions on the cognate lesser included offenses of manslaughter and involuntary manslaughter. To establish ineffective assistance of counsel, defendant must show that counsel's performance fell below an objective standard of reasonableness and that the representation so prejudiced defendant that he was denied his right to a fair trial. *People v Johnson*, 451 Mich 115, 121; 545 NW2d 637 (1996); *People v Ho*, 231 Mich App 178, 191; 585 NW2d 357 (1998).
>
> Our review of the record convinces us that the evidence did not support a jury instruction for either voluntary or involuntary manslaughter, thus making a request for such an instruction unnecessary. *People v Clark*, 453 Mich 572, 578; 556 NW2d 820 (1996); *People v Pouncey*, 437 Mich 382, 388; 471 NW 2d 346 (1991). Specifically, the evidence did not support a finding that defendant killed in the heat of passion or acted because of adequate provocation. Nor was there evidence that the shooting resulted from an unintentional negligent act without malice. Furthermore, even if counsel was deficient for failing to request lesser offense instructions on manslaughter, the jury was instructed on second-degree murder

and rejected that offense, thereby reflecting "an unwillingness to convict of a lesser included offense such as manslaughter." *People v Raper*, 222 Mich App 475, 483; 563 NW2d 709 (1997). Thus, it is clear that defendant was not prejudiced by any alleged deficiency by counsel not requesting the lesser offense instructions.

To prevail on an ineffective assistance of counsel claim, a convicted defendant must demonstrate (1) that counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-96 (1984). Stated another way, this court is to decide whether Petitioner's trial counsel's alleged failures were such egregious errors as to constitute ineffectiveness and whether the alleged failures were materially prejudicial. The Sixth Circuit has explained:

> The question for reviewing courts is whether counsel's errors have likely undermined the reliability of, and confidence in, the result. *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-43 (1993). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Strickland*, 466 U.S. at 691, *quoted in Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). In evaluating petitioner's claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc), cert. denied*, 113 S. Ct. 2969 (1993). Thus, the determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was "snatched from the jaws of victory." *See id.*

*West v. Seabold*, 73 F.3d 81,84 (6th Cir. 1996). Petitioner has failed to show that he received ineffective assistance of counsel.

Petitioner's remaining ineffective assistance of counsel claims were not presented in his appeal of right. Petitioner defaulted these issues, but claims that attorney error caused the

default. When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

Here, both the Michigan Court of Appeals and the Michigan Supreme Court expressly stated that they denied Petitioner's application for leave to appeal his motion for relief from judgment under M.C.R. 6.508(D). Under M.C.R. 6.508(D)(2) and (3), a defendant may not collaterally attack a conviction based upon claims that were decided against him in a prior appeal

or that could have been raised on direct appeal. For claims that could have been raised, the defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." M.C.R. 6.508(D)(3)(a)-(b). In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1104, 1006-1007 (6th Cir. 2000). Because M.C.R. 6.508(D) was enacted in 1989 and Petitioner's conviction and appeals took place some time thereafter, M.C.R. 6.508(D) was a "firmly established" procedural rule for purposes of Petitioner's action. *See Luberda*, 211 F.3d at 1007; *Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir. 1998).

Petitioner claims that counsel was ineffective for failing to investigate Rachel Christian's recantation of her original statement. Petitioner does not present a defense theory that could have helped him if counsel called Rachel Christian to the stand to discuss the recantation of a statement that was never admitted into court. Petitioner has failed to show that he received ineffective assistance of counsel from his trial counsel or from his appellate counsel.

Petitioner argues that the prosecution violated his rights by not disclosing prior to trial that Rachel Christian recanted her statement that she observed Petitioner shoot the victim. Petitioner was aware of that Rachel Christian recanted her statement before trial. Rachel Christian was not called as a witness at trial. Petitioner has not established that his rights were violated.

Petitioner asserts that newly discovered evidence establishes his innocence and that the trial court erred in not granting an evidentiary hearing, granting a new trial, or setting aside his

conviction. Petitioner bases his newly discovered evidence on an affidavit from Chris Davis who states that he persuaded witness Rachel Christian to make a false statement to police that she had witnessed the crime. After implicating Petitioner, Christian then informed police that she had lied and had not witnessed the crime. Contrary to Petitioner's claim, this affidavit does not present new evidence. Petitioner was aware prior to trial that Rachel Christian recanted her statement to police. Davis' affidavit simply confirmed what Petitioner already knew prior to trial and cannot establish newly discovered evidence.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could

not find that a dismissal of each of Petitioner's claims was debatable or wrong. Petitioner has faield to show prosecutorial misconduct, ineffective assistance of counsel, that insufficient evidence was presented to support his conviction, that improper evidence was admitted at trial, or that his Fifth Amendment rights were violated. Similarly, petitioner has failed to show that his asserted newly discovered evidence is actually new evidence or that it could have helped prevent his conviction. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   October 31, 2008