UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDDIE WAGLE,

        Petitioner,

                                         File No. 2:06-cv-57

v.

                                         HON. ROBERT HOLMES BELL

JERI-ANN SHERRY,

        Defendant.
                                      /

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

      This matter is before the Court on a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 by Petitioner Eddie Wagle. (Dkt. No. 1.) On October 31, 2008, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that this Court deny the petition. (Dkt. No. 37.) Petitioner filed objections to the R&R on November 10, 2008 (Dkt. No. 38.)

      This Court is required to make a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

      Petitioner objects to the determination of the R&R regarding the admission at trial of evidence of Petitioner's other "bad acts" (including domestic violence, illegal entry, destruction of property, and parole violations). The R&R correctly noted the determination

of the Michigan Court of Appeals that Petitioner waived review of the admission of this evidence because he agreed to a curative instruction. (R&R 4-5.) However, Petitioner contends in his objections that his argument regarding evidence of his parole status and parole violations was raised for the first time in his motion for relief from judgment. The Court notes that the opinion of the Michigan Court of Appeals makes no mention of such evidence in their opinion, and there is no indication that the curative jury instruction discussed by the Court of Appeals addressed this evidence.

Petitioner argues that evidence of his parole status and parole violations, including testimony regarding Petitioner's drinking and driving in violation of the terms of his parole, were not relevant and were prejudicial, in violation of Mich. R. Evid. 401. Petitioner argues that it is prejudicial because it tends to indicate a propensity toward bad acts. *See* Mich. R. Evid. 404(b) (stating that evidence of "other crimes, wrongs, or acts is not admissible to prove the character of the person in order to show action in conformity therewith.").

Claims that the trial court violated state evidentiary rules are not cognizable on habeas review, unless "an erroneous evidentiary ruling . . . renders a trial fundamentally unfair[.]" *Moore v. Tate*, 882 F.2d 1107, 1109 (6th Cir. 1989). "Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) (citations omitted). An evidential ruling may warrant habeas relief when it is "so egregious that it results in a denial of fundamental fairness. . . ." *Id.* at 512. Petitioner has not made such a showing.

2

It is not clear that admission of the evidence actually violated Michigan's evidentiary rules. Petitioner's status as a parolee was relevant as an element of one of the offenses charged, *i.e.* a felon in possession of a firearm.

Moreover, there is no indication that Petitioner's counsel objected to admission of this testimony. *See People v. Bullock*, 440 Mich. 15, 485 N.W.2d 866, 870 n. 7 (1992) (rejecting argument that trial court erred by admitting other-acts evidence because the defendant "failed to raise any timely objection at trial on the basis of MRE 404(b)"); *see also People v. Buck*, 496 N.W.2d 321, 330 (Mich. App. 1993) ("Appellate review of prosecutorial misconduct is foreclosed where the defendant fails to object or request a curative instruction, unless the misconduct was so egregious that no objection or curative instruction could have removed the prejudice to the defendant or if manifest injustice would result from our failure to review the claims of misconduct.").

Even if it was not relevant, the Court is not persuaded that admission of testimony indicating that Petitioner's conduct leading up to the commission of the charged offense (*e.g.*, drinking and driving a car) was a parole violation is a denial of fundamental fairness because Petitioner used this evidence to support his own defense. The crime involved the shooting death of David Hudson. Petitioner was driving a car with acquaintances on the night of the shooting. Petitioner and his acquaintances drove past Mr. Hudson who was walking along the highway. Later, Petitioner got out of the car and switched seats with a passenger. With his friend driving the car, Petitioner returned to the highway where they had seen the victim. As the car approached Mr. Hudson, Petitioner allegedly shot him. During opening

3

arguments, Petitioner's attorney argued that Petitioner's parole restrictions motivated Petitioner to change seats:

> You'll have [Petitioner] tell you, we believe, why he exchanged seats or why he wanted to not be driving anymore. Everybody had been drinking and he'll tell you he was concerned about -- about being stopped driving a car after he had been drinking and being on parole.

(Tr. I, 146.) Petitioner himself testified that, on the night of the charged offense, while he was driving, he "was a little intoxicated" and "paranoid" because he "wasn't supposed to be driving [his] vehicle." (Tr. III, 654.) Having himself invited admission of that evidence as part of his defense, he cannot claim on habeas review that it was error for the Court to admit it. *See Fields v. Bagley*, 275 F.3d 478, 486 (6th Cir. 2001) ("When a petitioner invites an error in the trial court, he is precluded from seeking habeas corpus relief for that error."). For the same reasons, it was not error for his counsel to not object to such evidence.

Petitioner also objects to the finding of the R&R that Petitioner failed to show a violation of his Fifth Amendment right against self-incrimination when testimony was admitted at trial that Petitioner voluntarily went to the police station and asserted that he was seeking an attorney and did not want to give a statement. This claim was rejected by the Michigan Court of Appeals because Petitioner asserted his right to silence before he was arrested or taken into custody, and before any *Miranda* warnings were given. (R&R 6.) (quoting *People v. Wagle*, No. 217299, 2000 WL 33418998, at *3 (Mich. App. June 6, 2000)). The Michigan Court of Appeals determined that, in such circumstances, Petitioner's Fifth Amendment rights had not been violated, relying on *People v. Dunham*, 559 N.W.2d 360 (Mich. App. 1996), and *People v. Anderson*, 531 N.W.2d 780, 784 (Mich. App. 1992).

*See Dunham*, 559 N.W.2d at 364 (finding no violation of Fifth Amendment right against self-incrimination where the defendant was not in custody); *Anderson*, 531 N.W.2d at 784 (reiterating that *Miranda* warnings only need to be given "in cases involving custodial interrogations").

Petitioner argues in his objections that the cases relied upon by the Michigan Court of Appeals do not apply because Petitioner was at the police station when he stated that he did not want to make a statement; however, Petitioner fails to explain how this is a relevant distinction. In *Dunham*, the Michigan Court of Appeals determined that testimony that the defendant had cancelled an interview with the police did not violate the defendant's Fifth Amendment right against self-incrimination, in part, because he was not in custody at the time that he declined to speak to the police. *Dunham*, 559 N.W.2d at 364. Similarly, the Michigan Court of Appeals determined that Petitioner was *not* in custody because he freely left the police station after telling the police that he did not want to make a statement. *Wagle*, 2000 WL 33418996, at *3.

Furthermore, there is significant disagreement among the federal courts of appeal as to whether a defendant's pre-*Miranda*, pre-arrest silence can be used as substantive evidence of guilt, and the Supreme Court has not clearly ruled on this issue. *See Jones v. Trombley*, No. 07-1419, 2009 WL 152312, at *3 & n.1 (6th Cir. Jan. 22, 2009) (noting the circuit split). Thus, Petitioner has not shown a violation of "clearly established federal law" as determined by the Supreme Court of the United States. *Id.* (affirming the denial of a habeas claim based upon admission of evidence of pre-*Miranda* silence).

Similarly, Petitioner cannot show that his Sixth Amendment right to effective assistance of counsel was violated when his attorney failed to object to testimony regarding his decision not to provide a statement to the police. In his habeas petition, Petitioner cites *Combs v. Coyle*, 205 F.3d 269 (6th Cir. 2000), in which the Sixth Circuit determined that "the use of a defendant's pre-arrest silence as substantive evidence of guilt violates the Fifth Amendment's privilege against self-incrimination." *Id*. at 283. Petitioner was convicted in 1998; *Combs* was decided in 2000. The failure of Petitioner's trial counsel to anticipate later developments in the law of the Sixth Circuit does not show that counsel's representation "fell below an objective standard of reasonableness[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See United States v. Burgess*, 142 F. App'x 232, 241 (6th Cir. 2005) (determining that counsel is not ineffective for failing to predict the novel holdings of the Supreme Court in *Blakely* and *Booker*).

While the Court is mindful that it must construe Petitioner's pleadings liberally, the remainder of Petitioner's objections restate, or refer to, arguments made in his habeas petition without identifying the alleged error in the R&R. Failure to file specific objections constitutes a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir.1981). *See also Thomas v. Arn*, 474 U.S. 140, 142 (1985) (approving *Walters* rule); *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those

6

issues that are dispositive and contentious.").

The Court has reviewed the R&R and Petitioner's objections thereto, and the Court concurs with the conclusion of the R&R that Petitioner's § 2254 habeas petition should be denied, for the reasons stated herein and in the R&R.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation (Dkt. No. 38) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 37), as supplemented by the foregoing opinion, is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 13) is **DENIED**.

This closes the case.

Dated: March 31, 2009 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE