UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDDIE WAGLE,

        Petitioner,

                                                  File No. 2:06-CV-57

v.

                                                  HON. ROBERT HOLMES BELL

JERI-ANN SHERRY,

        Defendant.

                                       /

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is Petitioner Eddie Wagle's motion for reconsideration. The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that this Court deny Petitioner's habeas petition. (Dkt. No. 37.) Petitioner filed objections to the R&R. (Dkt. No. 38.) The Court denied Petitioner's objections and adopted the R&R, and Petitioner now seeks reconsideration of the Court's order. (Dkt. No. 40.)

Petitioner asserts that the Court did not rule on evidence of other "bad acts" mentioned in his petition, including felony possession of a firearm on the day before the date of the charged offenses. Petitioner contended in his petition that this evidence violated Rule 404(b) of the Michigan Rules of Evidence, and that his counsel was ineffective for failing to object to it. Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Mich.

R. Evid. 404(b). However, Petitioner failed to show that this evidence was offered to prove his character or was admitted in violation of this rule. The Court notes that this evidence was directly relevant to the charged offense of being a felon in possession of a firearm. It was also relevant to the murder charge to the extent that it showed Petitioner's access to the weapon used to murder the victim, which the government contended was the same weapon as the one that Petitioner himself testified that he owned. *See* Mich. R. Evid. 404(b) (allowing evidence of other acts to show "proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act"). Moreover, in context, it appears that the prosecutor elicited testimony from Petitioner regarding felony possession of the firearm in order to challenge Petitioner's own testimony on this matter. Petitioner initially testified on direct examination that he owned a gun and that he wanted to dispose of it because he was concerned about being a suspect and being in violation of the terms of his parole:

> A. . . . I would get in trouble for if I got my gun and turned it in because I am a convicted felon. I'm not supposed to have this gun. . . . I know my gun isn't the one that killed this man. That's why.
>
> Q. All right. So you got . . . rid of your gun initially because you were concerned about parole violation?
>
> A. Well, that and I know . . . I'm going to be questioned about this case.

(Trial Tr. III at 680.) On cross examination, the prosecutor elicited the following testimony from Petitioner that Petitioner claims was admitted in violation of the rules of evidence:

> Q. Now unless I'm mistaken, having a pistol in a motor vehicle is a felony. Isn't that right? . . . it's a crime. Right?
>
> A. I would think so.

2

> Q. That didn't seem to bother you, though because you drove over there. Right?
>
> A. That's correct.
>
> Q. . . . And it didn't bother you that you weren't supposed to be driving. You go over there anyway with this gun. Right?
>
> A. Yes.
>
> Q. Okay. And once you get there, you supposedly give this gun to her for safekeeping, I think you said?
>
> A. Yes. . . . I didn't want to have it with me.

(Trial Tr. III at 698.) Thus, Petitioner has not shown that the testimony that he possessed a firearm on the day before the charged offense was admitted for the purpose of proving his character in violation of Rule 404(b), much less that its admission rendered his trial "fundamentally unfair." *See Moore v. Tate*, 882 F.2d 1107, 1109 (6th Cir. 1989). Moreover, because he has not shown a violation of the evidentiary rules, Petitioner has not shown that he was prejudiced by counsel's failure to object.

Petitioner also refers to the Court's discussion of *Combs v. Coyle*, 205 F.3d 269 (6th Cir. 2000), a case in which the Sixth Circuit Court of Appeals held that the use of a criminal defendant's pre-arrest silence as substantive evidence of guilt violates the Fifth Amendment. *Id.* at 283-86. Petitioner objects to the Court's determination that his counsel could not have been ineffective for failing to raise an objection based on *Combs* because *Combs* was decided after Petitioner's conviction. (Dkt. No. 39, Op. 6.) Petitioner argues, quoting the opinion in *Combs*, that his counsel "should have realized that the use of . . . prearrest silence against him was at least constitutionally suspect and should have lodged an objection on that basis."

*Combs*, 205 F.3d at 285. However, *Combs* is distinguishable. First, unlike the defendant in *Combs*, Petitioner took the stand in his own defense. *See id.* at 280-81 (noting that use of pre-arrest silence for impeachment purposes does not violate the Fifth Amendment). In Petitioner's case, the prosecution initially elicited testimony from a police officer that Petitioner voluntarily went to the police and told them that he did not wish to make a statement because he was seeking an attorney. (Trial Tr. III at 588.) When Petitioner took the stand, the prosecution elicited testimony from Petitioner that, though he knew he was a suspect, when he went to the police he did not tell the police at that time, or at any time prior to his arrest, his story of who murdered the victim. (Trial Tr. III at 734-35.) Second, in contrast to Petitioner's case, the prosecution in *Combs* commented on the defendant's silence in its argument and suggested to the jury that this silence was substantive evidence of guilt. *See Combs*, 205 F.3d at 279. Finally, unlike Petitioner's case, the trial court in *Combs* specifically instructed the jury that it could consider the defendant's silence as probative of guilt. *Id.* In summary, the foregoing circumstances that made counsel's conduct in *Combs* objectively unreasonable for failing to object were not present in Petitioner's case.

The remainder of Petitioner's arguments are without merit for the reasons stated in the R&R and the Court's memorandum opinion adopting the R&R.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for reconsideration (Dkt.No. 40) is **DENIED**.

Dated: November 16, 2009      /s/ Robert Holmes Bell
                              ROBERT HOLMES BELL
                              UNITED STATES DISTRICT JUDGE