UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDDIE WAGLE,

      Petitioner,

v.                                Case No. 2:06-cv-57
                                HON. ROBERT HOLMES BELL

JERI-ANN SHERRY,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Eddie Wagle filed this petition for writ of habeas corpus challenging his conviction for first-degree murder, possession of a fire-arm during the commission of a felony, and felon in possession of a firearm. Petitioner was sentenced to life imprisonment for murder, ten to twenty years for possession of a firearm while committing a felony, and two years for being a felon in possession of a firearm. Petitioner raised eleven issues in his petition. The petition was dismissed on March 31, 2009. Petitioner's motion for reconsideration was denied on November 16, 2009. Petitioner filed an appeal to the Sixth Circuit Court of Appeals. A certificate of appealability was issued on four issues presented by petitioner. The Sixth Circuit stated:

> Turning to Wagle's fourth and ninth grounds for relief, however, Wagle has made the necessary showing to obtain a COA. Reasonable jurists could debate (1) whether Wagle's constitutional rights were violated when the prosecution elicited testimony regarding his prearrest silence and (2) whether Wagle's trial counsel was ineffective in failing to object to testimony regarding Wagle's refusal to give a statement to police and his intent to retain an attorney. Moreover, Wagle has made the showing necessary to obtain a COA on his claim of ineffective assistance of trial counsel, asserted as ground seven for relief, which alleges that trial counsel failed to

investigate properly statements made by Rachel Christian to police that could have supported Wagle's theory that he was being set up for the crime.   Wagle also merits a COA on his tenth ground for relief–that his appellate counsel performed ineffectively by not consulting with Wagle and by not raising meritorious issues on appeal.

Counsel was appointed for petitioner.  Petitioner's counsel claims to have discovered evidence withheld from petitioner that supports these issues.  Petitioner and Respondent then stipulated to remanding these issues for the district court's consideration of the newly discovered evidence.  The Sixth Circuit remanded this case on February 2, 2011.  Respondent has filed a motion to dismiss the case so that petitioner can exhaust his claims regarding the newly discovered evidence in the Michigan state courts.

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  To fairly present a claim, it is not enough that all the facts necessary to support a federal claim were before the state court or that a somewhat similar state law

- 2 -

claim was made.  *See Anderson*, 459 U.S. at 6; *Harris v. Rees*, 794 F.2d 1168, 1174 (6th Cir. 1986);

*see also Duncan*, 513 U.S. at 366 (mere similarity of claims is insufficient to exhaust).  This circuit

has held that the doctrine of exhaustion requires that a claim be presented to the state courts under

the same theory in which it is later presented in federal court.  *See  Pillette v. Foltz*, 824 F.2d 494,

497 (6th Cir.1987);   *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir.1987).

When it is uncertain whether the Michigan courts will consider the petitioner's habeas

claims on the merits, this court will presume that such state relief is available to the petitioner.

*Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995); *Brewer v. Dahlberg*, 942 F.2d 328, 340 (6th

Cir. 1991).   The state courts should have a full and fair opportunity to cure any constitutional

infirmities in petitioner's conviction.  *See Brewer*, 942 F.2d at 340.

Petitioner has presented "new" evidence in the form of a copy of a Miranda warning

card that he had signed on June 26, 1998, to indicate that he did in fact receive a Miranda warning

before he invoked his Fifth Amendment right to remain silent.  The Miranda card was obtained more

recently and apparently was not available during petitioner's trial or during his appeals in the

Michigan appellate courts.  Similarly, petitioner claims that he obtained a police report indicating

that witness Rachel Christian recanted her statements regarding what she had witnessed.  In this

interview, Christian stated that she had only heard the shots, but did not see anything and stated that

her early statement was untrue.  Christian explained that she had received a lot of pressure from the

victim's family to make the false statement.  Petitioner claims that he was not provided this report

prior to trial and his appellate counsel failed to pursue this issue more diligently, ignoring

Petitioner's requests,  during the appellate process in the state courts.  Petitioner also claims that

police records were withheld which indicated that petitioner's co-defendant had told the jail house

informants the location of the murder weapon.  Similarly, petitioner's claims regarding the

ineffectiveness of trial counsel and ineffectiveness of appellate counsel were presented in petitioner's motion for relief from judgment and rejected by the court.

Each of these issues were presented previously to the Michigan courts. Petitioner raised the issues regarding his Fifth Amendment rights on direct appeal to the Michigan Court of Appeals and to the Michigan Supreme Court. Petitioner again raised this issue in a motion for relief from judgment and in his appeals following the trial court's rejection of that motion. Petitioner raised his concerns regarding the testimony of Rachel Christian in his motion for relief from judgment, which was addressed and rejected by former Berrien County trial court Judge and current United States District Court for the Western District of Michigan Chief Judge Paul Maloney.

While it appears that petitioner has exhausted these claims in the states courts, petitioner never presented his "newly" discovered evidence to the state courts. The question remains whether the "newly" discovered evidence of the Miranda card and the police report regarding witness Rachel Christian should require the court to remand the matter for the State of Michigan to consider. The parties' briefs are silent regarding any issues involving jail house informant records disclosing the location of the murder weapon. Any issue regarding the failure to provide these records to petitioner appears to have never been addressed in the state courts.

Petitioner relies upon that part of 28 U.S.C. § 2254(e) which provides for an evidentiary hearing in federal court where the underlying factual basis of a claim was not discovered and presented in the State courts:

> (2) if the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> (A) the claims relies on–

> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of underlying offense.

Petitioner argues that a remand is unnecessary in accordance with the Sixth Circuit decision in *Brown v. Smith*, 551 F.3d 424, 428 (6th Cir. 2008).  In *Brown* the Sixth Circuit applied a de novo standard of review to petitioner's newly discovered evidence of notes regarding the victim's counseling sessions that were not presented during trial or to the Michigan appellate court's due to a claim of ineffective assistance of counsel.  The Sixth Circuit held that the deferential standard of review stated in 28 U.S.C. § 2254(d) applied only to claims adjudicated on the merits.  Since the counselor's notes were never before the Michigan Court of Appeals, the AEDPA's deference requirement did not apply.  "We think that the same principle applies generally whenever new, substantial evidence supporting a habeas claim comes to light during the proceedings in federal district court."  *Id.* at 429.  The court stated:

> To be sure, this rule presupposes that the threshold standard for admitting new evidence in the federal district court is met: (1) the petitioner must not be at fault for failing to develop the evidence in state court, or (2) if the petitioner is at fault, the narrow exceptions set forth in 28 U.S.C. § 2254 (e)(2) apply.  *See Holland [v. Jackson]*, 542 U.S. at 652-53, 124 S.Ct. 2736 (New evidence may be admitted in federal habeas proceedings 'only if respondent was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed by § 2254(e)(2) were met.'

*Id.*

Whether the *Brown* case is still good law has not been settled in this Circuit.  The United States Supreme Court decision in *Cullen v. Pinholster*, 131 S.Ct 1388 (2011) "raises serious

concerns about *Brown's* continuing vitality." *McCoy v. Jones*, 463 Fed. Appx. 541 (6th Cir. 2012).

In *Cullen* the Supreme Court stated:

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.* the record before the state court.

*Id.* at 1398. The Supreme Court found this consistent with the holding in *Schriro v. Landrigan*, 550 U.S. 465 (2007), stating: "in practical effect, we went on to note, this means that when the state-court record 'precludes habeas relief' under the limitations of § 2254(d), a district court is 'not required to hold an evidentiary hearing.'" The Supreme Court further explained:

> Section 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief. For example, not all federal habeas claims by state prisoners fall within the scope of § 2254(d), which applies only to claims "adjudicated on the merits in State court proceedings." At a minimum, therefore, § 2254(e)(2) still restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state courts.

*Id.* at 1401.

In *Johnson v. Bobby*, 2012 WL 628507 (S.D. Ohio) (copy attached), the petitioner sought to present newly discovered evidence to support his claims. The Court explained:

> The Court finds that the new evidence that Petitioner seeks to add to the record so fundamentally alters the claims at issue that the principles of comity and federalism underlying the exhaustion doctrine dictate that Petitioner give the state courts an opportunity to address the claims first. *See Mills v. Mitchell*, No. 1:96–CV–423, 2007 WL 1412982, at *4 (S.D.Ohio May 10, 2007) ("the very reason Mills must return to the state courts to litigate his Brady claim is because this Court has found that the newly discovered evidence

'fundamentally alter[ed] the legal claim already considered by the state courts.' ") (quoting *Vasquez v. Hillery*, 474 U.S. 254, 260, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986))); *see also Bragan v. Morgan*, 791 F.Supp. 704, 720 (M.D.Tenn.1992) ("A claim has not been exhausted when newly discovered evidence presented in the federal petition, which has not been presented to the state courts, 'places [the] claim in a significantly different posture.' ") (quoting *Sampson v. Love*, 782 F.2d 53, 55 (6th Cir.1986))).

A state prisoner must exhaust available state court remedies before he can secure federal habeas corpus review. *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). A petitioner satisfies the exhaustion requirement when he raises the claim in a manner that affords the state courts a fair opportunity to address the federal constitutional issue. *See, e.g., Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); *Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Petitioner must present the very claim to the state courts—setting forth essentially the same facts, evidence, and legal basis—that he seeks to present to the federal court. *See Gray v. Netherland*, 518 U.S. 152, 162–63, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Picard*, 404 U.S. at 275–76; *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994).

*Id.* at *2.

Although petitioner may have raised these claims in the Michigan courts, he did not present his "newly" discovered evidence for consideration in the state courts. The parties have agreed that petitioner has presented newly discovered evidence that may support his claims for relief. Michigan Court rules provide that a defendant may file a successive motion for relief from judgment if the second motion is based upon a "claim of new evidence, that was not discovered before the first motion." MCR 6.508(G)(2). Under the circumstances of this case, it is recommended that this court first provide the Michigan courts with an opportunity to review the newly discovered evidence.

In summary, the undersigned concludes that respondent's motion should be granted in part. It is recommended that the petition be stayed and proceedings held in abeyance until

petitioner has the opportunity to present and exhaust his claims supported by the newly discovered evidence in the Michigan courts.  It is further recommended that the court order that petitioner initiate proceedings in the state courts within 45 days, that the parties file in this Court a joint status report every 90 days, and that petitioner seek reinstatement of this case on the Court's active docket within 30 days of fully exhausting his state court remedies.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley                                      
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  August 28, 2012