UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDDIE WAGLE,

        Petitioner,

                                          Case No. 2:06-cv-57

v.

                                          HON. ROBERT HOLMES BELL

JERI-ANN SHERRY,

       Respondent.

_____/

## MEMORANDUM OPINION AND ORDER

United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") in this matter, recommending that Petitioner Eddie Wagle's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied, but that a certificate of appealability be granted. (ECF No. 110.) The matter is before the Court on Petitioner's objections to the R&R (ECF No. 113). For the reasons that follow, the R&R will be adopted as the opinion of this Court.

**I. Background**

On June 24, 1998, Petitioner and David Hudson, the victim, were at a bar with Chris Davis, Jerry Davis, and Danny Troncone. (3/25/2013 Order, ECF No. 97-13, PageID.786.) After leaving the bar, Petitioner and Chris Davis wound up in a car together, while Hudson was walking down the side of the road. (*Id.*) At trial, Troncone testified that Petitioner told

him that Petitioner shot Hudson in the head. (*Id.*) Jerry Davis testified that he saw Petitioner fire two shots. (*Id.*)

Following a jury trial on December 10, 1998, Petitioner was found guilty of first-degree murder, Mich. Comp. Laws § 750.316(c); possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b; and possession of a firearm by a felon, Mich. Comp. Laws § 750.224f. *People v. Wagle*, No. 217299, 2000 WL 33418996, at *1 (Mich. Ct. App. June 6, 2000). Petitioner was sentenced to concurrent terms of life imprisonment for the first-degree murder conviction, ten to twenty years' imprisonment for the felon in possession of a firearm conviction, and a consecutive two-year term for the felony-firearm conviction. *Id.* The Michigan Court of Appeals upheld his conviction, *id.*, and the Michigan Supreme Court denied leave to appeal, *People v. Wagle*, 631 N.W.2d 342 (Mich. 2001) (memorandum opinion).

On February 23, 2006, Petitioner filed a petition for writ of habeas corpus in this Court raising eleven grounds for relief. (Pet., ECF No. 1.) The petition was denied on March 31, 2009. (Op. & Order, ECF No. 39.) On July 21, 2010, the Court of Appeals for the Sixth Circuit issued a certificate of appealability as to four of the grounds for relief. (Order, ECF No. 51.) On February 2, 2011, the Sixth Circuit, in recognition of Petitioner's appellate counsel's determination that "certain documents are missing from the district court record" and counsel's discovery of "additional documentary evidence that may be relevant to Wagle's case," the Court of Appeals remanded the petition to this Court for consideration

2

of the new evidence. This Court then held proceedings in abeyance until Petitioner had the opportunity to present and exhaust his claims supported by the newly discovered evidence in the state courts. (Order, ECF No. 83.)

Petitioner did so, and on March 25, 2013, the Berrien County Trial Court denied Petitioner's second motion for relief from judgment, which considered his newly-discovered evidence. (Order 5, ECF No. 97-13.) The motion was denied because Defendant could not show that he was actually prejudiced by the alleged late disclosure of information. (*Id.*) On March 14, 2014, the Michigan Court of Appeals denied Petitioner leave to appeal for failure to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D). On September 5, 2014, the Michigan Supreme Court also denied leave to appeal. (Order, ECF No. 97-16.) After the Michigan Supreme Court denied leave to appeal, Petitioner filed a brief in support of his petition for writ of habeas corpus in this Court on February 9, 2015. (ECF No. 102.)

## II. Standard of Review

The Court's analysis of the petition is guided by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). A petition for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted by a federal court with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or

3

(2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). The purpose of the AEDPA is to "guard against extreme malfunctions in the state criminal justice systems," *Harrington v. Richter*, 562 U.S. 86, 102 (2011), and "not as a means of error correction." *Greene v. Fisher*, 132 S. Ct. 38, 43 (2011).

Under the AEDPA, the Court may consider only the "clearly established" holdings of the United States Supreme Court. 28 U.S.C. § 2254(d). "Circuit precedent cannot 'refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that [the Supreme Court] has not announced.'" *Lopez v. Smith*, 135 S. Ct. 1, 4 (2014) (quoting *Marshall v. Rodgers*, 133 S. Ct. 1446, 1451 (2013)). Moreover, law is not considered "clearly established" if the Supreme Court announces the law after the petitioner's last adjudication of the merits in state court. *Greene*, 132 S. Ct. at 44 (2011). A state court's decision is "contrary to" clearly established federal law if "the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court's decision involves an "unreasonable application of" clearly established federal law "if the state court correctly identifies the governing legal principle" from a Supreme Court decision, but makes an objectively unreasonable application of that principle to the facts. *Id.*

The Court applies the above standard to "the last state court decision on the merits." *Dyer v. Bowlen*, 465 F.3d 280, 284 (6th Cir. 2006).

### III. Analysis

**A. The Claims the Court May Consider**

The four claims Petitioner raises in his § 2254 motion for relief are: (1) Petitioner suffered a violation of his constitutional rights when the state prosecutor elicited testimony regarding Petitioner's pre-arrest, post-*Miranda* silence, as Petitioner had a Fifth Amendment right to remain silent; (2) Petitioner's trial counsel was ineffective when counsel failed to object to testimony regarding Petitioner's refusal to give the police a statement and Petitioner's stated intent to retain an attorney; (3) Petitioner was denied his Sixth Amendment right to effective assistance of counsel because his state trial counsel failed to properly investigate statements made by a witness to police that could have supported Petitioner's assertion that he was being framed; and (4) Petitioner was denied his Sixth Amendment right to effective assistance of counsel when his state appellate counsel failed to consult with him and failed to raise meritorious issues on appeal. (Br. in Support of Pet., ECF No. 102.)

The R&R concluded that "the four claims Petitioner has raised in this Court are procedurally defaulted because he did not raise these claims before the state trial court in his second motion for relief from judgment after obtaining the newly discovered evidence." (R&R 5, ECF No. 110.) Accordingly, the R&R limited its analysis to the three constitutional claims that were raised in Petitioner's second motion for relief from judgment: (1)

5

Petitioner's Fifth Amendment right to due process was violated by the prosecutor's failure to turn over evidence at trial; (2) Petitioner's Sixth Amendment right to effective assistance of counsel was violated by his counsel's failure to investigate and discover the evidence; and (3) the cumulative effect of the suppression of evidence denied Petitioner a fair trial. (*See* Br. in Support of Def.'s Mot. for Relief from J., ECF No. 97-8.) Petitioner objects to the R&R's determination that his claims were procedurally defaulted.

**1. Exhaustion of State Court Remedies**

Prior to seeking a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254, a petitioner "must exhaust his state-court remedies by fairly presenting all of his constitutional claims to the highest state court and all appropriate prior state courts." *Woods v. Booker*, 450 F. App'x 480, 488 (6th Cir. 2011) (citing 28 U.S.C. §§ 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982)); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). When a petitioner has not "fully and fairly presented a federal claim to the state's highest court," federal courts "ordinarily will not consider the merits of that claim unless the petitioner can show cause to excuse his failure to present the claims appropriately in state court, and actual prejudice as a result." *Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001).

The doctrine of exhaustion "requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also Woods*, 450 F. App'x at 488 ("Exhaustion requires more than notice—a petitioner must present enough information to allow the state courts to apply controlling legal principles to the facts bearing upon his constitutional claim."). To determine whether a "petitioner raised the same issue in state court that is now presented in the habeas proceeding," federal courts examine state-court records. *Id.*

In this case, after Petitioner discovered the new evidence that he bases his claims on, he filed a motion for relief from judgment in state court. The Michigan Court Rules require motions for relief from judgment to "specify all of the grounds for relief which are available to the defendant and of which the defendant has, or by the exercise of due diligence, should have knowledge." M.C.R. 6.502(A). The motion "must be substantially in the form approved by the State Court Administrative Office[.]" M.C.R. 6.502(C). The approved form that Petitioner filled out specifically states: "What are the legal grounds for the relief you want? **You must raise all the issues you know about.** You may not be allowed to raise additional issues in the future. Use extra sheets of paper, if necessary." (Mot. for Relief from J., ECF No. 97-8, PageID.549) (emphasis in original). The legal grounds Petitioner raised in his motion for relief from judgment stated only: "Whether Defendant is entitled to relief of his judgment of conviction by reason of newly discovered evidence." (*Id.*) Petitioner's brief in support of his motion for relief from judgment clearly articulated three federal grounds for

relief in the argument section: (1) Wagle's Fifth Amendment right to due process was violated by the prosecutor's failure to turn over the aforesaid evidence prior to trial; (2) Wagle's Sixth Amendment right to effective assistance of counsel was violated by his counsel's failure to investigate and discover this evidence; and (3) the cumulative effect of the suppression of this evidence denied Wagle a fair trial. (Br. in Support of Mot. for Relief from J. 25-29, ECF No. 97-8.) Accordingly, those are the claims that the state court addressed.

Petitioner argues that he did raise arguments that: his constitutional rights were violated when the prosecutor referenced his pre-arrest, post-*Miranda* silence at trial; he received ineffective assistance of counsel when trial counsel failed to object to the introduction of testimony regarding his pre-arrest, post-*Miranda* silence; he received ineffective assistance of counsel when trial counsel failed to properly investigate statements made by a witness to police that could have supported Petitioner's assertion that he was being framed; and he received ineffective assistance of counsel when appellate counsel failed to consult with him and to raise meritorious issues on appeal. The Court will address each argument in turn.

### a. Introduction of Pre-Arrest, Post-*Miranda* Silence

The Court is not persuaded that Petitioner has fully and fairly presented a claim that the introduction of his pre-arrest, post-*Miranda* silence violated his constitutional rights. Petitioner's brief in support of his motion for relief from judgment references the fact that,

on direct appeal, he argued that his refusal to give a statement to police officers on June 26, 1998, was a violation of his right to remain silent. (Br. in Support of Mot. for Relief from J. 14.) Petitioner noted that the Michigan Court of Appeals found no error because the testimony occurred "before any custodial interrogation and before *Miranda* warnings were given." (*Id.*) And Petitioner noted that new evidence indicated that he had in fact been given *Miranda* warnings. (*Id.*)

But the context in which Petitioner discussed this evidence is important. This discussion occurred in the *facts* section of Petitioner's brief, where Petitioner was summarizing all of the new information and evidence that had been discovered since Petitioner's last motion for relief from judgment. The argument section of Petitioner's brief, beginning on page 20, makes no reference to a Fifth Amendment claim that Petitioner's rights were violated when his silence was mentioned at trial. And, in contravention of the Michigan Court Rules, Petitioner's motion itself does not raise such a claim in the "legal grounds for relief" section. Moreover, Petitioner's motion for leave to appeal does not contend that the circuit court overlooked the claim, nor does it raise a claim in the first instance.[1] It was not the state court's job to sift through the facts section of Petitioner's brief and examine any possible claim that could exist.

---

[1] The statement of questions involved provides: "(1) Whether the Circuit Court properly denied Wagle's Motion for Reconsideration. (2) Whether the Circuit Court properly ruled that Wagle was not prejudiced because he did not have the benefit of the after acquired evidence in forming his defense to the criminal action. (3) Whether the Circuit Court properly ruled that the assistance received from his council was effective, and could not have affected the outcome of his trial. (4) Whether the Circuit Court properly ruled that the cumulative effect of the suppressed evidence could not have affected the outcome of his trial." (Appl. for Leave to Appeal, ECF No. 97-15, PageID.837.)

"The fair presentation requirement is not satisfied when a claim is presented in state court in a procedurally inappropriate manner that renders consideration of the merits unlikely." *Woods*, 450 F. App'x at 489. That is what occurred here. Accordingly, this claim was not exhausted in state court.

### b. Ineffective Assistance of Counsel—Failure to Object

Petitioner next argues that his motion for relief from judgment also raised an argument that his counsel provided constitutionally ineffective assistance by failing to object to the prosecution's references to Petitioner's silence. While Petitioner's argument in state court briefly notes that "Wagle's counsel failed to object to this testimony," again, this statement was made in the facts section of the brief. The argument section of Petitioner's brief explicitly made an ineffective assistance of counsel argument, but it was not premised on this ground; rather Petitioner clearly argued that "Wagle's Sixth Amendment right to effective assistance of counsel was violated by his counsel's failure to investigate and discover . . . evidence." (Br. in Support of Mot. for Relief from J. 28.) Thus, as the magistrate judge noted, Petitioner has procedurally defaulted this claim. *See Wong*, 142 F.3d at 322 ("Petitioner's second ineffective assistance claim rests on a theory which is separate and distinct from the one previously considered and rejected in state court. Petitioner does not even argue that she can show cause and prejudice, and we find that she procedurally defaulted this claim.").

### c. Ineffective Assistance of Counsel—Failure to Investigate

Next, Petitioner argues that he raised his claim that he was denied his Sixth Amendment right to effective assistance of counsel when his trial counsel "failed to investigate properly statements made by a witness to police that could have supported Mr. Wagle's assertion that he was being framed." The Court agrees. (*See* Br. in Support of Mot. for Relief from J. 29.) The Court will address the merits of this claim below.

### d. Ineffective Assistance of Appellate Counsel

Petitioner also argues that his "counsel for direct appeal performed deficiently in various ways, including misstating facts, failing to raise meritorious arguments, and failing to communicate with Mr. Wagle; the state grievance commission even found deficient performance." (Pet. 32.) But again, Petitioner failed to raise this argument before the state court when he had the chance to do so in his second motion for relief from judgment and, thus, the claim was not exhausted in state court.

### 2. Procedural Default

"If the claims presented in the federal court were never actually presented in the state courts, but a state procedural rule now prohibits the state court from considering them, the claims are considered exhausted, but are procedurally barred." *Cone v. Bell*, 243 F.3d 961, 967 (6th Cir. 2001). Under Michigan law, a second or subsequent motion for relief from judgment may only be filed if there has been a "retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered

11

before the first such motion." M.C.R. 6.502(G)(2). "A defendant may not appeal the denial or rejection of a successive motion." M.C.R. 6.502(G)(1). Accordingly, there is no state-court remedy available to Petitioner in Michigan courts. He has already filed a second or successive motion after the new evidence was discovered, and has no grounds for filing yet another motion for relief from judgment. Moreover, he may not appeal the denial or rejection of the successive motion. *Woods*, 450 F. App'x at 491 (finding claims were procedurally defaulted "despite the fact that the Michigan courts have not actually invoked the procedural bar because the Michigan courts could not apply a procedural rule to claims not brought before them."). Accordingly, the claims are procedurally defaulted.

Petitioner has not shown cause to excuse his failure to present the claims appropriately in state court. *Stanford*, 266 F.3d at 451 (6th Cir. 2001). Moreover, given that two eye witnesses testified that Petitioner killed Hudson, Petitioner has not shown "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence" and, thus, he has not met the "narrow exception to the exhaustion requirement" that is met when one is actually innocent. *See Woods*, 450 F. App'x at 491 (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

**B. Claims Subject to § 2254 Review**

The R&R reviewed the claims that were presented to the state court under the § 2254 standard. Petitioner has also filed objections to the R&R's analysis of those claims. The Court will address each objection.

### 1. *Brady* Violation

Petitioner contends that he is entitled to relief under § 2254 due to the prosecution's failure to disclose exculpatory evidence, including: a *Miranda* card; two reports from police interviews with Gerhad Binder; two reports from police interviews with Frank Pipkins; a report of a police interview with Tracy Harlan; a report of a police interview with Dave Ellis; a report of a police interview with Ernest Alsup; a report of a police interview with Chris Davis; a report of a police interview with Ted Saffell; a report of a police interview with Patrick Wilson; a DNA test; and a report of a police interview with Rachel Christian.

"There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). As the magistrate judge noted, the state court "used an analogous standard when denying Petitioner's due process claim for failure to disclose the missing evidence before trial." (R&R 7.) The state court ultimately concluded that "Defendant cannot show that he was actually prejudiced by the alleged late disclosure of information." (3/25/2013 Order 5, ECF No. 97-13.) This Court reviews the state court's decision under the deferential standards of the AEDPA. *See Bell v. Howes*, 703 F.3d 848, 854 (6th Cir. 2012).

The state court noted that "the evidence at trial showing Defendant's guilt was substantial, and Defendant cannot show that but for the alleged error, he would have had a

reasonably likely chance of acquittal." (3/25/2013 Order 7.) The state court also concluded that "the 'cumulative effect' of the newly discovered evidence did not actually prejudice Defendant when considering the substantial amount of evidence supporting his guilty conviction." (*Id.* at 14.) Before granting a petition, "there must be '*no reasonable basis* for the state court to deny relief' . . . And 'even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'" *Bell*, 703 F.3d at 854 (quoting *Harrington*, 131 S. Ct. at 784, 786); *see also* 28 U.S.C. § 2254(d) (noting that, to obtain relief, the state court's opinion must have "resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.").

At trial, Troncone testified that Petitioner told him the victim must be dead, because "I shot him in the head." (Jury Trial Tr. II at 349.) Jerry Davis testified that he was in the car behind Petitioner's and saw Petitioner "reach out and fire two shots." (*Id.* at 515.) The Michigan Court of Appeals has previously summarized the evidence as follows:

> The evidence indicated that defendant drove past the victim, who was walking along the road. Defendant subsequently stopped his car in a parking lot, changed places with the passenger, and then had the driver drive back towards the victim. The car slowed as it approached the victim and two eye witnesses testified that defendant was in the passenger seat when the fatal shots were fired from the passenger window of the automobile that defendant was in. One eyewitness specifically identified defendant as the shooter and testified that defendant's arm reached outside the passenger's window before defendant fired the shots. Another witness testified that he heard defendant say, "I shot him in the head," and, when he asked defendant why he did it, defendant blamed alcohol and also stated that some money he owed for drugs would be reduced. Viewed in a light most favorable to the prosecution, the evidence was sufficient to enable a rationale trier of fact to find beyond a reasonable doubt that defendant shot the victim with premeditation and deliberation.

*People v. Wagle*, No. 217299, 2000 WL 33418996, at *2 (Mich. Ct. App. June 6, 2000). Given this evidence, the Court is satisfied that there was a reasonable basis for the state court's determination that Petitioner was not prejudiced by the alleged late disclosure of information.

### 2. Ineffective Assistance of Counsel—Failure to Investigate

Petitioner's next claim is that his trial counsel provided constitutionally deficient performance when he failed to investigate the new evidence that was discovered after trial. To prevail on an ineffective assistance of counsel claim, Petitioner must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. To establish prejudice, Petitioner must show a reasonable probability that counsel's errors affected the outcome of the proceeding. *Id.* at 696.

The state court found that Petitioner failed to show that his trial counsel's performance was constitutionally deficient for failing to investigate the new evidence that was discovered after trial. The state court used a standard similar to the *Strickland* analysis, and held that "the evidence produced to Defendant after his trial is not sufficiently exculpatory to overcome the substantial evidence presented against him at trial. Thus, Defendant cannot show that, even

if trial counsel should have discovered the evidence, the result of his trial would have been different. Therefore, Defendant cannot show he received ineffective assistance of counsel." (3/25/2013 Order 14.) Again, given the evidence described above, the Court cannot say that there was no reasonable basis for the state court to deny relief. *Bell*, 703 F.3d at 854 (citation omitted). Accordingly, Petitioner's claim of ineffective assistance of counsel fails.

### 3. Cumulative Effect of Evidence

Lastly, Petitioner argues that the cumulative effect of the evidence denied him a fair trial. The state court found that "the 'cumulative effect of the newly discovered evidence did not actually prejudice Defendant when considering the substantial amount of evidence supporting his guilty conviction." (3/25/2013 Order 14.) The Court finds that, given the evidence presented at trial that implicated Defendant, this determination was reasonable. Accordingly, Petitioner's claim is meritless.

### IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (internal quotation marks omitted). The Sixth Circuit has disapproved the

issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.

The magistrate judge recommended that a certificate of appealability be granted as to the three issues Petitioner raised in the trial courts during his second motion for relief from judgment. (R&R 17.) The Court agrees. Accordingly,

**IT IS HEREBY ORDERED** that the July 14, 2015 Report and Recommendation (ECF No. 110) is **APPROVED and ADOPTED** as the Opinion of this Court. Petitioner's objections to the R&R are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED** as to the three issues Petitioner raised in the trial courts during his second motion for relief from judgment.

Judgment will enter in accordance with this Opinion.


Dated: May 10, 2016                           /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE